UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA C.,[1]<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | ) Case No. EDCV 17-1379-JPR<br>)<br>)<br>) **MEMORANDUM DECISION AND ORDER**<br>) **AFFIRMING COMMISSIONER**<br>)<br>)<br>)<br>)<br>)<br>) |

**I.   PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying her applications for Social Security disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c). The matter is before the Court on the parties' Joint Stipulation,

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

filed June 11, 2018, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is affirmed.

**II.  BACKGROUND**

Plaintiff was born in 1963. (Administrative Record ("AR") 43.) She completed high school (AR 44) and worked as a mail handler, assembler, recovery clerk, and childcare provider (AR 45-47).

On August 30, 2013, Plaintiff applied for DIB, alleging that she had been disabled since October 15, 2011, the day after an earlier final decision finding her not disabled. (AR 179-82; see also AR 76-77, 83.) She applied for SSI the same day, alleging that she had been disabled since January 1, 2012. (AR 183-91; see also AR 95.) She claimed disability from "[f]ibromyalgia, tinnitus, ankylosing spondylitis, [and] obesity" as well as type-2 diabetes, high blood pressure, Bell's Palsy, back injury, asthma, hypothyroidism, and sleep apnea. (AR 227.) After her applications were denied initially (AR 93, 105) and the DIB application was denied on reconsideration (AR 119, 127-31), she requested a hearing before an Administrative Law Judge (AR 135-36). A hearing was held on December 3, 2015, at which Plaintiff, who was represented by an attorney, testified, as did a vocational expert. (AR 39-62.) In a written decision issued April 19, 2016, the ALJ found Plaintiff not disabled. (AR 23-33.) Plaintiff requested review from the Appeals Council (AR 19), which denied it on May 12, 2017 (AR 3-5). This action followed.

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for the Commissioner's. Id. at 720-21.

**IV. THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.

1992).

   A.  The Five-Step Evaluation Process

The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); <u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, the claimant is not disabled and her claim must be denied. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant

has sufficient residual functional capacity ("RFC")[2] to perform her past work; if so, she is not disabled and the claim must be denied. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id.

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because she can perform other substantial gainful work available in the national economy. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Drouin, 966 F.2d at 1257. That determination comprises the fifth and final step in the sequential analysis. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

B.  The ALJ's Application of the Five-Step Process

The ALJ found that Plaintiff had not shown "changed circumstances material to the determination of disability" since her last denial and thus had not rebutted the presumption of continuing disability. (AR 24.) He therefore found that res judicata applied and adopted the findings of the prior decision. (Id.) He then nonetheless applied the five-step process.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 15, 2011, the alleged

---

[2] RFC is what a claimant can do despite existing exertional and nonexertional limitations. §§ 404.1545, 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). The Commissioner assesses the claimant's RFC between steps three and four. Laborin v. Berryhill, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing § 416.920(a)(4)).

5

disability onset date.³ (AR 26.) At step two, he concluded that she had the following severe impairments: "fibromyalgia; obesity; Bell's Palsy; and asthma[.]" (Id.) At step three, he found that she did not have an impairment or combination of impairments that met or equaled a Listing. (AR 28.)

At step four, the ALJ found that Plaintiff had the RFC to perform modified light work:

> [She can] lift and carry 20 pounds occasionally and 10 pounds frequently; andسسا, stand, and walk for six hours each in an eight-hour workday. [She] must alternate positions every hour for one to three minutes but remain at the workstation. [She] is able to occasionally climb but never ladders, ropes, or scaffolds. [She] is able to occasionally balance, stoop, kneel, crouch, and crawl. [She] can frequently [perform] fine and gross manipulation. [She] should avoid extreme cold, extreme noise, vibration, pulmonary irritants, and hazards.

(Id.)

Based on the VE's testimony, the ALJ concluded that Plaintiff could perform her past relevant work as a "[m]ail handler," DOT 209.687-014, 1991 WL 671810 (Jan. 1, 2016), and as a "[s]ales attendant (recovery clerk)," DOT 299.677-010, 1991 WL 672643 (Jan. 1, 2016). (AR 31.) Thus, he found Plaintiff not disabled. (AR 32.)

---

³ Plaintiff's SSI application lists January 1, 2012, as the disability onset date. (AR 183.) The ALJ apparently used the onset date listed on her DIB application to analyze both claims. (AR 23, 26.)

6

**V.   DISCUSSION**[4]

Plaintiff argues that the ALJ erred by failing to articulate appropriate reasons for rejecting her subjective symptom testimony. (J. Stip. at 5-14.) For the reasons discussed below, remand is not warranted.

    A.    <u>Plaintiff Has Forfeited Her Appeal by Never Contesting the ALJ's *Chavez* Ruling</u>

        1.    *Applicable law*

            a.    *Chavez*

When an ALJ has issued a final decision finding a claimant not disabled, an ALJ considering a subsequent claim regarding an unadjudicated period must "apply a presumption of continuing nondisability and determine that the claimant is not disabled, unless the claimant rebuts the presumption." SSAR 97-4(9), 1997 WL 742758, at *3 (Dec. 3, 1997); see also Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) ("The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."). A claimant may rebut the presumption of

---

[4] In <u>Lucia v. SEC</u>, 138 S. Ct. 2044, 2055 (2018), the Supreme Court held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent <u>Lucia</u> applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during her administrative proceedings. (<u>See</u> AR 37-62, 135-36.); <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1115 (9th Cir. 1999) (as amended) (plaintiff forfeits issues not raised before ALJ or Appeals Council); see also generally <u>Kabani & Co. v. SEC</u>, 733 F. App'x 918, 919 (9th Cir. 2018) (rejecting <u>Lucia</u> challenge because plaintiff did not raise it during administrative proceedings), <u>pet. for cert. filed</u>, __ U.S.L.W. __ (U.S. Feb. 22, 2019) (No. 18-1117).

7

nondisability by showing "'changed circumstances' indicating a greater disability." Chavez, 844 F.3d at 693 (quoting Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985)); Lester, 81 F.3d at 827 (same). Changed circumstances include an increase in the severity of a previously existing impairment, a change in age category, and any new issue, "such as the existence of an impairment not considered in the previous application." Lester, 81 F.3d at 827.

b. Forfeiture

In Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (as amended), the Ninth Circuit held that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal" or those issues are forfeited. Indeed, when a claimant fails entirely to raise an issue before both the ALJ and the Appeals Council, she "forfeits such a challenge on appeal, at least when that claimant is represented by counsel." Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017) (as amended Feb. 28, 2018); see also Phillips v. Colvin, 593 F. App'x 683, 684 (9th Cir. 2015) (finding that "issue was waived[5] by [claimant]'s failure to raise it at the administrative level when he was represented by counsel").

Similarly, claims not raised in the district court are

---

[5] Some of the cases refer to "waiver," although the issue is actually forfeiture. See United States v. Scott, 705 F.3d 410, 415 (9th Cir. 2012) ("Waiver is the intentional relinquishment or abandonment of a known right, whereas forfeiture is the failure to make the timely assertion of that right." (citation and alterations omitted)).

8

forfeited.  See Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006).  Courts "will only excuse a failure to comply with this rule when necessary to avoid a manifest injustice."  Id. (citing Meanel, 172 F.3d at 1115).  "A manifest injustice is . . . an error in the trial court that is direct, obvious, and observable[.]"  Sanchez v. Berryhill, No. 1:15-cv-00510-EPG, 2017 WL 1709326, at *3 (E.D. Cal. May 3, 2017) (citation omitted); see also Goodman v. Colvin, No. CV-15-00807-PHX-JAT, 2016 WL 4190738, at *17–18 (D. Ariz. Aug. 9, 2016) (no manifest injustice in forfeiture of claim when plaintiff failed to question VE about conflicts between RFC limitations and DOT); Hinkley v. Colvin, No. CV-15-00633-PHX-ESW, 2016 WL 3563663, at *10 n.7 (D. Ariz. July 1, 2016) (no manifest injustice in forfeiture of claim when plaintiff failed to challenge weight ALJ gave to medical assessment); cf. Jones v. Colvin, No.: 2:15-cv-09489 KS, 2016 WL 4059624, at *3 & n.2 (C.D. Cal. July 27, 2016) (finding manifest injustice when ALJ failed to reconcile RFC with DOT job description because Ninth Circuit had previously found "an apparent conflict between the [RFC] to perform simple, repetitive tasks and the demands of Level Three Reasoning" (citation omitted)).

In Oberg v. Astrue, 472 F. App'x 488 (9th Cir. 2012), the Ninth Circuit considered whether a plaintiff had overcome the continuing presumption of nondisability from a prior decision. It rejected the plaintiff's arguments that the Chavez presumption did not apply because the ALJ had reopened the prior decision and because there had been a substantial change in her condition and the ALJ had improperly discredited her related testimony.  Id. at

489-90.  Although the plaintiff had failed to raise the issue, which would generally constitute a "waiver" of it, id. at 490 n.8, the court remanded for consideration of whether the plaintiff's changed age category had rebutted the presumption of continuing disability under Chavez given that Defendant had himself raised the issue in his answering brief.  Id. at 490-91.

        2.   *Analysis*

Because the ALJ applied Chavez, Plaintiff bore the burden of showing a changed circumstance to rebut the presumption of continuing nondisability.  See 844 F.2d at 693; Taylor, 765 F.2d at 875.  She has not done so.  She failed to raise the issue with the ALJ (see AR 135-36 (request for hearing), 39-62 (hearing transcript)), although he confirmed at the hearing that her counsel had "explained the impact of [the prior] decision to her" (AR 41).  She did not raise it with the Appeals Council, either (AR 374-75), or in the Joint Stipulation submitted to this Court (see J. Stip. at 4-14).  Nor did she respond to Defendant's argument in the Joint Stipulation that res judicata precludes her claim.  (See id. at 20 (failing to reply to Defendant's forfeiture argument, id. at 14-16).)

Unlike in Oberg, 472 F. App'x at 489-90, in which the plaintiff's arguments on appeal centered on rebutting the Chavez presumption, Plaintiff's lone claim here — that the ALJ failed to credit her testimony — is not framed in any terms related to Chavez or the continuing presumption of nondisability.  (See J. Stip. at 4-14.)  Indeed, she mentions neither.  (See generally id.)  She does not argue, as did the plaintiff in Oberg, that the ALJ reopened the prior decision or that he erred in rejecting her

10

testimony that one of her conditions had worsened and was a changed circumstance. See 472 F. App'x at 489-90. To the contrary, her credibility claim is the garden-variety sort that the Court sees frequently, alleging simply that the ALJ did not give sufficient reasons for rejecting her testimony. (See J. Stip. at 4-14.) Accordingly, her claim is forfeited.[6] See Greger, 464 F.3d at 973.

### B. In Any Event, the ALJ Did Not Plainly Err in Partially Rejecting Plaintiff's Subjective Symptom Statements, and No Manifest Injustice Requires Reversal

As an initial matter, the ALJ afforded some weight to Plaintiff's subjective complaints of significant pain: he limited her to light work with various restrictions, including that she alternate positions every hour and only occasionally engage in such activities as climbing, balancing, and stooping. (AR 28.) But to the extent the ALJ did reject her subjective complaints, he provided two clear and convincing reasons for doing so.

---

[6] Because the ALJ found two new severe impairments since Plaintiff's earlier denial (compare AR 68 (ALJ listing severe impairments of fibromyalgia, sleep apnea, hypertension, hearing loss, and asthma in Oct. 2011), with AR 26 (ALJ adding severe impairments of obesity and Bell's Palsy in Apr. 2016, although eliminating others), he was likely wrong in finding that the rebuttable presumption of continuing nondisability applied — a point never raised or conceded by Defendant here, unlike in Oberg, 472 F. App'x at 490. See Lester, 81 F.3d at 827-28 (new impairment is changed circumstance rebutting presumption). Forfeiture nonetheless applies because the analysis of whether a claim is forfeited is separate from whether the underlying claim has merit. See, e.g., United States v. Drayton, No. PWG-13-0251., 2014 WL 2919792, at *11 (D. Md. June 26, 2014) (noting that claim "may have had merit" but nonetheless refusing to consider it because Defendant had not raised it at trial or on appeal).

11

First, he noted Plaintiff's failure to follow prescribed courses of treatment, explaining that she "reportedly stopped taking all of her medications despite being encouraged to continue taking them, because she was convinced they were making her worse." (AR 30 (citing AR 391 (notes from May 2013 office visit indicating that Plaintiff had discontinued all medications).) He also noted her failure to pursue physical therapy. (AR 29 (citing AR 463 (Mar. 2015 referral to physical therapy); <u>see also</u> AR 54 (plaintiff testifying at hearing that she went to physical therapy only once because it "hurt too much").)

That Plaintiff failed to follow prescribed courses of treatment was a clear and convincing reason for discrediting her allegations of disabling pain. <u>See</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may discount claimant's testimony in light of "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" (citation omitted)); <u>see also</u> SSR 16-3p, 2016 WL 1119029, at *8 (Mar. 16, 2016)[7] ("[I]f the individual fails to

---

[7] The Commissioner applies SSR 16-3p, which went into effect a few weeks before the ALJ issued his decision, to all "determinations and decisions on or after March 28, 2016." Soc. Sec. Admin., Policy Interpretation Ruling, SSR 16-3p n.27, https://www.ssa.gov/OPHome/rulings/di/01/SSR2016-03-di-01.html (last visited Mar. 22, 2019). Though the new ruling eliminates the term "credibility" and focuses on "consistency" instead, Plaintiff refers to weighing "credibility" (J. Stip. at 5), and much of the relevant case law uses that language too (<u>see, e.g.</u>, <u>id.</u> at 5-6, 8-9 (discussing applicable case law)). As the Ninth Circuit has clarified, SSR 16-3p

> makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are

12

follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record."); see also Donathan v. Astrue, 264 F. App'x 556, 558 (9th Cir. 2008) (finding that ALJ provided clear and convincing reasons for rejecting claimant's subjective allegations regarding fibromyalgia pain, including "unwillingness to seriously pursue prescribed physical and medical therapies" and inconsistencies regarding his need to use cane or scooter).[8]

Second, the ALJ properly discounted some of Plaintiff's statements by identifying inconsistencies concerning them. (See AR 29-31); Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008); see also Smith v. Berryhill, 752 F. App'x 473, 475 (9th Cir. 2019) (ALJ properly discredited claimant's testimony of fibromyalgia symptoms based on inconsistencies in testimony, inconsistencies with activities of daily living, and contradictory medical evidence); Haislip v. Astrue, 316 F. App'x

---

designed to "evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms," and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness.

Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (as amended) (alterations in original) (quoting SSR 16-3p).

[8] Plaintiff argues that all treatment for fibromyalgia is conservative in nature, and thus the ALJ improperly relied on her purportedly conservative treatment to discredit her subjective symptom testimony. (J. Stip. at 11-12.) As explained above, however, he found her not credible based in part on her failure to follow her doctors' prescribed courses of treatment — medication and physical therapy — not because such treatment was conservative in nature. (See AR 29-30.)

13

538, 539 (9th Cir. 2008) (ALJ properly discounted claimant's subjective symptoms relating to fibromyalgia and migraines by noting lack of objective medical evidence to support them, inconsistencies between allegations and medical record, and conflicts between alleged symptoms and activities of daily living). For example, the ALJ noted that evidence contradicted her statements that she had problems walking and needed a cane. (See AR 30 (citing AR 537 (no cane at Aug. 2013 emergency-room visit) & 559 (doctor at hospital noting that Plaintiff was ambulatory, with steady gait).) The record also contradicted her testimony about difficulty breathing while walking. (See AR 31.) As the ALJ noted, her treatment records from August 2013 indicated normal breathing, with the last asthma attack more than a year before then. (Id. (citing AR 550).) He noted that the record contained no evidence of any subsequent asthma attacks (id.) and that diagnostic images of her chest from 2012 and 2014 revealed negative findings (id. (citing AR 410 (May 2012), 431 (Jan. 2012), 619 (Jan. 2014))).

Plaintiff claims that the ALJ rejected her symptom testimony based on the "legally insufficient" "belief that the testimony is not credible because it lacks objective support in the record."[9] (J. Stip. at 9.) "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a

---

[9] She also claims that the ALJ merely recited "boilerplate" language and provided "no clue" as to what weight he gave her testimony. (J. Stip. at 8-9.) This argument is disingenuous, as the "boilerplate" is followed by the ALJ's lengthy evaluation of her testimony and the evidence of record. (See AR 30-31.)

14

relevant factor in determining the severity of the claimant's pain and its disabling effects." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (holding that ALJ properly relied on lack of objective medical evidence and other factors in discrediting plaintiff's testimony about fibromyalgia symptoms (citing 20 C.F.R. § 404.1529(c)(2))). In any event, as explained above, the ALJ gave two valid reasons to support his partially discrediting her testimony that she suffered from disabling pain: her failure to follow prescribed courses of treatment and specific inconsistencies between her complaints and the evidence of record. (AR 30.)

Accordingly, the ALJ appears to have provided clear and convincing reasons, supported by substantial evidence in the record, to support his discounting of Plaintiff's subjective symptom testimony, and no manifest injustice will result from not considering her appeal because it has been forfeited.

## VI. CONCLUSION

Consistent with the foregoing and under sentence four of 42 U.S.C. § 405(g),[10] IT IS ORDERED that judgment be entered

---

[10] That sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

AFFIRMING the Commissioner's decision, DENYING Plaintiff's request for reversal or remand, and DISMISSING this action with prejudice.

DATED: March 25, 2019

_____
JEAN ROSENBLUTH
U.S. Magistrate Judge